## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JUAN DAVALOS-PONCE,

      Plaintiff,

 v.                                    Civil No. 13-CV-836 RB/CG
                                       Criminal No. 12-CR-3033 RB

UNITED STATES OF AMERICA,

      Defendant.

## ORDER ADOPTING U.S. MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on August 7, 2014, (Doc. 16).  In the PFRD, Judge Garza recommended that Movant Juan Davalos-Ponce's *Motion Under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Motion"), (CV Doc. 1),[1] be dismissed with prejudice. Movant's *Opposition to the Proposed Findings and Recommend Disposition, Pursuant to 28 U.S.C. § 636(b)(1)* ("Objections") was timely filed on August 21, 2014, (CV Doc. 16).  On August 21, 2014, Movant filed his *Motion for Leave to File Supplementary Memorandum In Support of Motion Pursuant to Title 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence*, (Doc. 17), and *Supplementary Memorandum of Law to Movant's Petition Purusant to 28 U.S.C. § 2255*, (Doc. 18), collectively considered Supplementary Motion.   Movant's Objections and Supplementary Motion are considered below as part of this Court's *de novo* review of the PFRD, the Objections,

---

[1] Documents references as "CV Doc. ___" are from case number 13-cv-836 RB/CG; those referenced "CR Doc. ___" are from case number 12-cr-3033 RB.

and the record.

In his Motion, Movant alleged that the district court breached the plea agreement, that the district court violated the Federal Rules of Criminal Procedure when a visiting judge was assigned to his case for sentencing, and that he received ineffective assistance of counsel in the negotiation of his plea agreement and when his attorney failed to object to his sentence and the assignment of a visiting judge to impose his sentence.  (CV Doc. 1, 14).  Judge Garza thoroughly addressed each of these contentions and found that Movant had waived all of his claims except the claim that he received ineffective assistance of counsel in the negotiation of his plea agreement.  (CV Doc. 15 at 5-12).  She found that Movant's claim that he received ineffective assistance of counsel in the negotiation of his plea agreement to be without merit.  (CV Doc. 15 at 11-12).  Based on these findings, Judge Garza recommended that the Motion be denied with prejudice.  (CV Doc. 15 at 13).

In his Objections and Supplementary Motion, Movant argues that United States Magistrate Judge Gregory Wormuth did not have the authority to accept his guilty plea.  (CV Doc. 16 at 2-4; CV Doc. 17 at 1-2; CV Doc. 18 at 1-6).  This claim was not raised before Judge Garza and, therefore, is waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  However, in the interests of justice, the Court will address the claim.

Movant cites *United States v. Harden*, No. 13-1323, 2014 WL 3397699 (7th Cir. Jul. 14, 2014), in support of his claim that Judge Wormuth was without the authority to accept his guilty plea and therefore, he should be entitled to withdraw his guilty plea and

enter a new plea in front of a United States District Judge.  (CV Doc. 16 at 3-4).  Movant

is correct that the Seventh Circuit ruled that a magistrate judge does not have the

authority to accept a felony guilty plea.  *Harden* at *5.  However, cases from the

Seventh Circuit may be relied upon for their persuasive value, but are not binding

precedent for cases in the District of New Mexico.

In *United States v. Ciapponi*, 77 F.3d 1247 (10th Cir. 1996), the Tenth Circuit

addressed precisely the issue of whether a magistrate judge had the authority to accept

a felony guilty plea.  In that case, the Tenth Circuit reasoned that a "Defendant's failure

to object or otherwise request review by the district court leaves him in no position to

now complain that the magistrate judge's taking of his guilty plea, a proceeding to which

he expressly consented, violated his constitutional rights. The most basic rights of

criminal defendants are subject to waiver."  *Id.* at 1251 (internal quotation marks

omitted).   Moreover, the Tenth Circuit explicitly held that "with a defendant's express

consent, the broad residuary 'additional duties' clause of the Magistrates Act authorizes

a magistrate judge to conduct a Rule 11 felony plea proceeding, and such does not

violate the defendant's constitutional rights."  *Id.*

Movant has not raised an issue regarding his consent to allow Judge Wormuth to

accept his guilty plea.  A review of the transcript from the plea hearing demonstrates

that Movant was informed of his right to have a district judge preside over his plea

hearing, but nonetheless consented to allow Judge Wormuth to accept his plea.  (CV

Doc. 7-2 at 9).  Because Movant expressly consented to Judge Wormuth accepting his

plea, and the Court is bound by Tenth Circuit precedent, there was no constitutional

violation when United States Magistrate Judge Gregory Wormuth accepted Movant's

guilty plea.  Movant's Supplementary Motion is denied and his Objection on this ground is overruled.

Movant's other objections are restatements of his claims that his plea agreement was breached and that he received ineffective assistance of counsel when his attorney failed to object to this alleged breach or the assignment of a visiting judge for his sentencing.  (CV Doc. 16 at 4-6).  These claims were thoroughly addressed by Judge Garza in the PFRD.  (CV Doc. 15 at 5-10).  Movant has not pointed to any error in Judge Garza's factual findings or legal analysis.  Therefore, these objections are overruled.

**IT IS THEREFORE ORDERED THAT**:

1) The Magistrate Judge's *Proposed Findings and Recommended Disposition*, (Doc. 15), is **ADOPTED**;

2) The *Motion for Leave to File Supplementary Memorandum In Support of Motion Pursuant to Title 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence*, (CV Doc. 17), is **DENIED**; and

3) Juan Davalos-Ponce's *Motion Under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* (CV Doc. 1), is **DISMISSED WITH PREJUDICE** and a Certificate of Appealability is **DENIED**.

_____

THE HONORABLE ROBERT BRACK
UNITED STATES DISTRICT JUDGE