IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN DAVALOS-PONCE,

    Petitioner,

Vs.                                                      Civil No. 15-CV-01070 RB-KK
                                                          Criminal No. 12-CR-3033 RB

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Petitioner Juan Davalos-Ponce's Motion Under 28 U.S.C. § 2255 or Alternatively Under 28 U.S.C. § 2241 (CV Doc. 1; CR Doc. 44). The Court will dismiss the Motion for lack of jurisdiction because the Motion is a second or successive § 2255 motion.

On November 28, 2012, Davalos-Ponce was charged with Reentry of a Removed Alien. One year later, he signed a plea agreement and pled guilty to a one-count information charging Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b). (CR Doc. 15). Davalos-Ponce was sentenced and final judgment was entered by the Court on March 14, 2013. (CR Doc. 25, 26). Davalos-Ponce filed his first § 2255 motion to vacate his sentence on September 3, 2013. (CR Doc. 27, 28). In his motion, he argued error in assignment of a visiting judge to his case and ineffective assistance of counsel in negotiating the plea agreement and in failing to object to the sentence. The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision, denying the motion and dismissing with prejudice. (CR Doc. 38,

1

42).  Final judgment was entered on the § 2255 motion on August 29, 2014. (CR Doc. 43).

Davalos-Ponce's present, second § 2255 motion was filed on November 20, 2015. (CV Doc. 1,

CR Doc. 44).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain:  (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. § 2255(h).  Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Davalos-Ponce has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A).  This Court lacks jurisdiction to consider his motion absent the requisite authorization.  Moreover, even if Davalos-Ponce were to seek relief under § 2243(b)(3)(A), he could not obtain authorization because he cannot meet the grounds for certification under § 2255(h). In his second motion, Davalos-Ponce seeks to be relieved of his sentence based on the Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015). His motion, then, appears to proceed on an argument that there is a new rule of constitutional law permitting collateral review, and he makes no contention challenging his sentence based on newly discovered evidence.  The Supreme Court's ruling in *Johnson,* however, does not apply to Davalos-Ponce's sentence.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is impermissibly vague and imposing an increased sentence under the

residual clause violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. Davalos-Ponce's sentence, however, was not enhanced under the residual clause of the ACCA. Instead, his sentence was imposed based on the residual clause of the Immigration and Nationality Act, 8 U.S.C. § 1326. *Johnson* is not applicable to Davalos-Ponce's sentence and the Ninth Circuit case he cites, *Dimaya v. Lynch,* No. 11-71307 (9th Cir. 2015), does not establish a new rule of law made retroactive to cases on collateral review by the Supreme Court. *See In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir. 2015) (the Supreme Court is the only court that can make a new rule retroactive for purposes of § 2255(h)). Davalos-Ponce does not meet any of the requirements of § 2255(h) for a second or successive motion challenging his sentence. The Court lacks jurisdiction to consider the motion.

Davalos-Ponce alternatively requests that his motion be treated as an application for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2255 provides that, where the district court has previously denied relief under that section, an application for writ of habeas corpus will not be entertained by the district court unless it appears that the remedy by motion is inadequate or ineffective to test the legality of the detention. 28 U.S.C. § 2255(e). Davalos-Ponce does not contend that the remedy by motion is not adequate or effective. Further, the fact that § 2255 is no longer available to him because this is a second or successive motion does not mean that the federal remedy is inadequate or ineffective. *Braun v. Gallegos*, 58 F. App'x 781, 783 (10th Cir. 2002); *see also Graham v. Wands,* 407 F. App'x 287, 288 (10th Cir. 2011). Davalos-Ponce may not seek alternative habeas corpus relief under § 2241.

When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28

U.S.C. § 1631.  *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).  Applying *Cline,* the Court determines it is not in the interest of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction.

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Davalos-Ponce has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner Juan Davalos-Ponce's Motion Under 28 U.S.C. § 2255 or Alternatively Under 28 U.S.C. § 2241 filed November 20, 2015 (CV Doc. 1; CR Doc. 44) is DISMISSED for lack of jurisdiction, a certificate of appealability is DENIED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE